Jesús María Rossy, demandante y apelado, *v.* Rafael del Valle Zeno, demandado y apelante.

No. 3849.—*Visto:* Enero 17, 1927. *Resuelto:* Marzo 16, 1927.

1. Arrendador y Arrendatario—Acción de Volver a Entrar en y Recobrar la Posesión por el Propietario—Desahucio—Apelación—Desestimación—Depósito o Consignación de Cánones Vencidos al Interponerse el Recurso.—El depósito en la secretaría del tribunal de los cánones vencidos, equivale a la consignación de los mismos a que se refiere la sección 15 de la Ley de Desahucio.

2. Arrendador y Arrendatario—Acción de Volver a Entrar en y Recobrar la Posesión por el Propietario— Desahucio— Desestimación— Depósito o Consignación de Cánones Vencidos al Interponerse el Recurso.—Cuando el apelante deposita mes por mes los arrendamientos, su actuación en otro pleito contra el apelado—embargando el importe de los cánones depositados—no puede invocarse para sostener que no cumplió con los deberes impuéstosle por la ley en el de Desahucio en cuanto al depósito de dichos cánones.

Moción sobre desestimación de apelación presentada por el apelado. *Sin lugar.*

*Manuel Rodríguez Serra,* abogado del apelante; *Luis Llorens, Acuña & Janer,* abogados del apelado.

El Juez Presidente Señor del Toro, emitió la opinión del tribunal.

Otro incidente ha surgido en este recurso. Se solicita ahora la desestimación del mismo porque, según alega la

parte apelada, el apelante no ha *consignado* en la secretaría de la corte sentenciadora el importe del precio adeudado hasta la fecha de la sentencia, y porque no sólo se ha limitado el apelante a *depositar* los cánones, sino que los ha embargado en un pleito que ha establecido contra el demandante en reclamación de daños y perjuicios. Ambas partes fueron oídas en corte abierta, habiéndose opuesto la parte apelante a la pretensión de la apelada.

[1] Examinemos la primera cuestión. Admite la parte apelada que la parte apelante *depositó* los cánones de que se trata, pero sostiene que *depositar* no es lo mismo qué *consignar* que es lo que exige la ley. Y basándose en ello insiste en que debe desestimarse el recurso en cumplimiento de la sección 15 de la Ley de Desahucio.

La sección 15 invocada dice:

"En las apelaciones interpuestas en juicios establecidos por falta de pago del canon estipulado, cualquiera que sea el estado del recurso, el demandante puede solicitar que se sobresea en el mismo, si el demandado no consignase en la secretaría del tribunal el importe de todos y cada uno de los arrendamientos que vayan venciendo."

¿Qué alcance tiene la palabra "Consignase" usada por el legislador?

¿Basta que el apelante deposite los cánones en la corte a disposición del apelado, o es necesario que la consignación sea previamente anunciada al apelado para que libere al obligado conforme al artículo 1145 del Código Civil?

"Consignar", según el Diccionario razonado de Legislación y Jurisprudencia de Escriche, significa:

"Depositar judicialmente el precio de alguna cosa o alguna cantidad; señalar y destinar el rédito de una finca o efecto para el pago de alguna cantidad o renta que se debe o se constituye, enviar las mercancías a manos de algún corresponsal; y antiguamente entregar."

Y "Consignación", según la propia autoridad, es:

"El depósito que el deudor hace de la cantidad de la deuda, cuando el acreedor se niega a recibirla.   Sucede alguna vez que por motivos particulares, se resiste el acreedor a recibir el pago de la cosa o cantidad que se le debe; y el deudor entonces tiene el arbitrio de ofrecerle el dinero delante de hombres buenos, o ante el juez, como se acostumbra, y depositarlo en seguida con aprobación de éste; con lo cual queda libre de su obligación y del peligro del dinero, que si se pierde después, se pierde para el acreedor.

"Pero para que la oferta sea válida, es preciso que sea de toda la deuda; que se haga por una persona capaz de pagar, al acreedor que tenga igualmente capacidad de recibir, o bien a su apoderado, en el lugar que se hubiera convenido, y por su falta, en el del domicilio del acreedor; que haya vencido el plazo, y que se haya cumplido la condición con que se contrajo la deuda.

"El depósito debe ser real y efectivo, dándose aviso al acreedor del día, hora y lugar en que va a hacerse y notificándole después el día, hora y lugar en que se hubiere hecho, en caso de no haber comparecido, a fin de que pueda recoger la cosa o cantidad depositada: ley 8a. título 14, Part. 5a."

Los artículos 1145 y 1146 del Código Civil revisado, disponen:

Art. 1145.—"Para que la consignación de la cosa debida libere al obligado, deberá ser previamente anunciada a las personas interesadas en el cumplimiento de la obligación.

"La consignación será ineficaz si no se ajusta estrictamente a las disposiciones que regulan el pago.

Art. 1146.—"La consignación se hará depositando las cosas debidas a disposición de la autoridad judicial, ante quien se acreditará el ofrecimiento en su caso, y el anuncio de la consignación en los demás.

"Hecha la consignación, deberá notificarse también a los interesados."

Si se diera a la palabra "Consignarse" su estricta significación jurídica, habría que reconocer que tiene razón el apelado, pero es indudable que no fué ir tan lejos la intención del legislador al usarla como la usó en la sección 15 de la ley de desahucio.   Se trata de consignaciones poste-

riores al litigio. Ya la contienda está trabada. Ya surgió
el pleito y ambas partes están ante la corte. Los procedi-
mientos son conocidos y es con la corte que ambas partes
contendientes deben entenderse. Y así sólo es necesario el
depósito hecho en la secretaría del tribunal, enteramente co-
nocido de la otra parte, para que el propósito de la ley se
cumpla. Por eso esta Corte Suprema hace más de veinte
años, por medio de su juez asociado Sr. Figueras en el caso
de *Tórres* v. *La Corte de Distrito,* 10 D.P.R. 21, se expresó
así:

"No se expresan de un modo claro y concreto cuáles son los erro-
res de tramitación que se han cometido a cuyo deber estaba obligado
el peticionario al formular esta solicitud de *certiorari.*

"Pero al citarse como infringidos los artículos 1144 al 1148 del
Código Civil Revisado, debemos presumir que la consignación de
cantidades como canon del arrendamiento correspondiente a los me-
ses de septiembre, octubre, noviembre y diciembre último, no se ha
hecho acomodándose a esas disposiciones citadas, porque fundándose
en ese motivo fué que se solicitó que se sobreseyese en la apelación,
en virtud de lo que dispone la sección quince de la ley de desahucio
aprobada en nueve de marzo del año anterior, solicitud que fué des-
estimada por el juez de la corte de distrito y, después de celebrado
el juicio, se declaró sin lugar la demanda.

"Veamos ahora si se han cometido errores en la consignación.

"La sección 12 de la citada ley de desahucio dice así:

"No se admitirá al demandado el recurso de apelación si no con-
signa en secretaría el importe del precio adeudado hasta la fecha de
la sentencia, cuando el desahucio se funde en falta de pago de las
cantidades convenidas."

La sección 15 dice:

"En las apelaciones interpuestas en juicios establecidos por falta
de pago del canon estipulado, cualquiera que sea el estado del re-
curso, el demandante puede solicitar que se sobresea en el mismo, si
el demandado no consignase en la secretaría del tribunal el importe
de todos y cada uno de los arrendamientos que vayan venciendo."

"El peticionario expresa en su escrito que se consignaron en la
secretaría del Juzgado Municipal de Bayamón los cánones de los
meses de septiembre, octubre y noviembre y hay que presumir, no

alegándose nada en contrario, que se cumplió en un todo con la sección 12 que antes se insertó, toda vez que se admitió la apelación.

"Y si además se dice que en la secretaría de la corte de distrito se consignó también el mes de diciembre último y no se alega que dejaran de satisfacerse los sucesivos arrendamientos durante la sustanciación de la apelación, luego por este concepto no consta ni se expresa en el escrito que se haya cometido error en el procedimiento al negarse el juez a sobreseer en la apelación, puesto que su resolución se ajustó precisamente a la misma sección 15 de la ley de desahucio en que se apoya el peticionario.

"Es que parece que aquí se confunde el depósito previo que exige la ley de desahucio para que pueda admitirse y se sostenga el recurso de apelación hasta su término, con el ofrecimiento del pago y la consignación a que se refieren los artículos 1144 a 1148 del Código Civil Revisado.

"La consignación en ese caso, hecha debidamente, equivale al cumplimiento de la obligación de pagar y la consignación hecha para la admisión y sostenimiento de la apelación en el juicio de desahucio a que el promovente se refiere, está subordinada a las resultas de la resolución final y por eso no puede tener otro concepto que el de depósito como se ha dicho anteriormente.

"Y esa consignación a depósito se ha hecho, ajustándose a la ley especial de desahucio, en las secretarías de los tribunales respectivos según se infiere del mismo escrito solicitando el auto de certiorari y por tanto no vemos los errores de procedimiento cometidos y proponemos que se deniegue el libramiento del auto de *certiorari* que se solicita en el precedente escrito." 10 D.P.R. 21.

Desde entonces la práctica reconocida como legal por esta corte se ha venido observando en los tribunales de esta Isla. No hay motivo alguno para alterarla.

[2] Examinemos el segundo fundamento de la moción de desestimación o sea el haberse anulado el depósito por haberlo embargado el propio depositante en otro pleito.

De los autos aparece que la realidad de los hechos es ésta:

En cumplimiento de lo que dispone la sección 15 de la ley de desahucio, el demandado del Valle ha venido depositando en la secretaría de la corte todos los meses el precio del arrendamiento. Según una certificación expedida el 26

de enero último había depositada por tal concepto la suma de $4,800.93.

Además del pleito de desahucio existe otro que se halla actualmente pendiente en la corte de distrito iniciado por del Valle contra Rossy sobre incumplimiento de contrato y daños y perjuicios. En él el demandante solicitó que se embargaran bienes del demandado para asegurar la efectividad de la sentencia que pudiera pronunciarse. La corte dictó la orden exigiendo una fianza de diez mil dólares y en cumplimiento de la misma y a indicación del demandante el márshal procedió a embargar varias fincas y, además, —copiamos textualmente del diligenciado de la orden de embargo firmado por el márshal—, ''La suma de $4,300.93, que se halla en poder del secretario de esta corte, correspondiente al caso civil número 899 de la extinta Corte del Distrito Segundo de San Juan, P. R., pertenecientes al demandado, habiéndose requerido al secretario para la trabación de este embargo, con fecha de 18 de agosto de 1926, según notificación escrita, y firmada por dicho funcionario, la que se une a los autos, como complemento de este diligenciamiento.''

En el acto de la vista de la moción de desestimación el apelante del Valle invocó en su favor la decisión de la Corte de Circuito de Apelaciones del Primer Circuito en el dicho caso de mandamus—No. 1992 (original) Rafael del Valle Zeno, *petitioner*—, resuelto en agosto 5, 1926.

La hemos estudiado cuidadosamente y creemos que los razonamientos que contiene interpretando la sección 12 de la Ley de Desahucio, no son necesariamente aplicables a la sección 15 que es la que está ahora envuelta.

Respondiendo a preguntas de uno de los jueces en el acto de la vista de la moción sobre desestimación, el abogado de dicho apelante del Valle admitió que la orden de embargo no podría producir efecto alguno por tratarse de una mera nulidad ya que los bienes en *custodia legis* no

pueden ser embargados.   Sosteniendo esa proposición ha archivado además un memorándum de autoridades.

Alegó la parte apelada que aunque el embargo fuera finalmente declarado nulo, es lo cierto que para obtener la nulidad se vería obligada a instituir nuevos procedimientos y que siendo ello así no puede sostenerse que el apelante haya cumplido con la letra y el espíritu de la ley.   El apelado citó la decisión de esta corte en el caso de *Silva* v. *Aboy, Giorgetti y Co.*, 20 D.P.R. 76, 80, en la que se dijo:

"La ley ordena que en un caso como el presente en que el desahucio se funda en falta de pago, se consigne en secretaría el 'importe del precio adeudado.'

"El propósito que informa la ley sobre la materia, es el de garantizar los intereses del demandante impidiendo que el demandado pueda a virtud de la apelación prolongar el tiempo del disfrute de la finca sin pagar el precio estipulado, debiendo dicho precio depositarse en forma tal que, en su caso, esté inmediatamente a la disposición del demandante."

Expuesto lo que antecede, bastará decir que según la opinión que del caso hemos formado después de un amplio estudio y consideración del mismo, la cuestión no tiene la importancia que le han dado los hábiles argumentos de la parte apelada y la posición asumida por la parte apelante.

A nuestro juicio la confusión se debe a haber impugnado el apelado dentro del pleito de desahucio los actos realizados por el apelante del Valle en otro pleito distinto y a haber aceptado del Valle el debate en el acto de la vista de la moción en la forma en que fué planteado.

Limitándonos al pleito de desahucio, es necesario concluir que el apelante del Valle cumplió con el requisito exigido por la sección 15 de la ley especial sobre la materia depositando mes por mes las arrendamientos.   Era todo lo que tenía que hacer y lo hizo.   Desde el momento del depósito él consideró que aquella no era su propiedad sino la de Rossy.

Su actuación en otro pleito distinto no puede invocarse para sostener que no cumplió con los deberes impuéstosle por la ley en el de desahucio. Si él tiene o no razón en dicho otro pleito será cuestión a dilucidar y resolver en el mismo. Si la orden de aseguramiento estuvo bien o mal decretada, no es cuestión que debamos investigar. Lo fué previa fianza de diez mil dólares. Los bienes en depósito se designaron por el demandante en el pleito como una propiedad del demandado al igual que otras sobre las cuales no se ha levantado cuestión alguna. Creemos que legalmente la posición de del Valle al pedir y obtener el embargo del dinero depositado, no se diferencia de la de cualquiera otra persona que hubiera iniciado un pleito contra Rossy y para asegurar la sentencia que pudiera dictarse en el mismo hubiera pedido y obtenido igual medida.

*Tampoco está bien fundado el segundo motivo. La moción debe ser declarada sin lugar.*

El Juez Asociado Sr. Wolf firmó conforme con la resolución.